# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | 2:10-cr-122-2 |
| v. | ) | |
| | ) | |
| FELIPE JUAN LOPEZ, | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Now pending before the Court are counsel's MOTION TO DISMISS (Document No. 29), a pro se, handwritten MOTION TO DISMISS (Document No. 30), and counsel's AMENDED MOTION TO DISMISS (Document No. 31), filed on behalf of Defendant Felipe Juan Lopez. The government has filed a response (Document No. 34) and the motions are ripe for disposition.

Factual and Procedural Background

Lopez contends that the indictment in this case must be dismissed with prejudice because it violates the Speedy Trial Act. The relevant chronology is as follows: On May 11, 2010, Lopez was arrested along with two other individuals and immediately taken into federal custody. On May 13, 2010, a criminal complaint and affidavit was filed, which charged Lopez and his co-Defendants with conspiracy, bank fraud, access device fraud, aggravated identity theft and identity theft. Defendants appeared before Magistrate Judge Cathy Bissoon, counsel was appointed, and an order of detention was entered. On June 10, 2010, the Assistant United States Attorney ("AUSA") was scheduled to present evidence before the Grand Jury. However, he was informed by the Grand Jury Coordinator that as a result of unexpected absences, only 15 grand jurors had appeared for service, and the panel was dismissed for lack of the required quorum of

16 grand jurors to transact business. The AUSA represents to the Court that this dismissal for lack of a quorum was a very unusual occurrence.[1] On June 11, 2010, the government filed an ex parte sealed motion to extend the 30-day Speedy Trial clock to enable it to present an indictment at the next scheduled sitting of the Grand Jury. On June 14, 2010, United States District Judge Ambrose granted the government's motion for extension of time. On June 15, 2010, the government presented evidence to the Grand Jury, which returned an indictment against Lopez the same day.

Legal Analysis

The Speedy Trial Act, 18 U.S.C. § 3161(b), mandates that an indictment be filed within a 30-day period from the date of arrest, as follows (emphasis added):

> (b) Any information or indictment charging an individual with the commission of an offense shall be filed **within thirty days from the date on which such individual was arrested** or served with a summons in connection with such charges. If an individual has been charged with a felony in a district in which no grand jury has been in session during such thirty-day period, the period of time for filing of the indictment shall be extended an additional thirty days.

Pursuant to § 3162(a)(1) of the Speedy Trial Act:

> If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint **shall be dismissed** or otherwise dropped. In determining whether to dismiss the case **with or without prejudice**, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.

---

[1] The government has not submitted a declaration or affidavit from the grand jury coordinator.

Thus, if the indictment is not filed within the 30-day prescribed period, the Court must dismiss it – although such dismissal may be with or without prejudice.[2]

It is undisputed that Lopez was arrested on May 11, 2010 and was indicted on June 15, 2010, thirty-six (36) days later. Thus, the indictment appears to be untimely. However, the government makes two arguments in opposition to dismissal. First, the government contends that the Speedy Trial clock did not start on the date of Lopez's arrest, but instead began on May 13, 2010, the date that the complaint was filed. Second, the government argues that the clock should be tolled after June 10, 2010 based on the "ends of justice" exclusion in the Speedy Trial Act, 18 U.S.C. § 3161(h)(7)(A), due to the unexpected lack of a quorum of the grand jury.

The government cites *United States v. Salgado*, 250 F.3d 438, 454 (6th Cir. 2001), for the proposition that the Speedy Trial clock does not begin to run until the complaint is filed. The *Salgado* Court, in a rather cursory analysis, concluded that a defendant is not "arrested" until formal charges have been filed. The *Salgado* case is non-binding in this circuit and this Court has several difficulties with its reasoning: (1) it is inconsistent with the plain meaning of the commonly-understood term "arrest"; (2) it is difficult to reconcile with the specific reference in the Speedy Trial Act to the date of arrest; (3) Congress could easily have specified that the clock begins to run on the date the criminal complaint is filed, but it did not do so; and (4) the *Salgado* Court's reasoning would enable the government to toll the Speedy Trial clock merely by delaying the filing of a formal complaint – a result that is antithetical to the purpose of the statute.[3] In

---

[2]The Court rejects the government's contention that Defendant must be able to point to actual prejudice and the absence of bad faith by the government. The government's argument conflates the standard for a "due process" claim with the statutory claim at issue here.

[3]The government also cites to *United States v. Thomas*, 55 F.3d 144, 148 (4th Cir. 1995). However, in that case the defendant was in state custody and the federal complaint had been filed <u>prior</u> to the date on which the defendant was subject to a federal arrest on federal charges.

*United States v. Bravo*, 2004 WL 1535787 (E.D. Pa. 2004), the Court concluded that the rule in the Third Circuit is "where the primary purpose of an arrest is to detain an individual for criminal prosecution, that arrest triggers the protections of the Speedy Trial Act." *Id.* at *1 n.6 (citing *United States v. Dyer*, 325 F.3d 464, 468-69 (3d Cir. 2003)). Similarly, in *United States v. Rivera*, 2002 WL 1021820 (E.D. Pa. 2002), the Court concluded that a defendant is "arrested" for the purpose of triggering the Speedy Trial Act "when the arrest constitutes a significant or continuing restraint on the defendant's liberty imposed in connection with the formal charge on which he will eventually be tried." *Id.* at *2 (citing *United States v. Marion*, 404 U.S. 307, 320 (1971) (speedy trial protections triggered by the actual restraint imposed by arrest)).

In this case, there is no dispute that Lopez was taken into federal custody and deprived of his liberty on May 11, 2010 for the purpose of detaining him in connection with this prosecution. Accordingly, the Court concludes that Lopez was "arrested" and the Speedy Trial clock began to run on May 11, 2010.

The initial grand jury presentation was scheduled on June 10, 2010 – the 31st day following the date on which Lopez was arrested. Under the plain text of the Speedy Trial Act, the initial grand jury presentment, as scheduled, was untimely. The day of arrest is not excluded from the computation of time pursuant to Fed. R. Crim. P. 45(a)(1)(A) because § 3161(b) explicitly states that the indictment must be filed "within thirty days **from the date on which such individual was arrested.**" *See also United States v. Webb*, 201 Fed. Appx. 890, 893 (3d Cir. 2006) (non-precedential) (Speedy Trial Act clock begins to tick on the day of arrest). Even if a grand jury quorum had existed on June 10, 2010 as planned, the indictment would have been untimely. Thus, the Court need not address the impact of the government's additional one (1)-day delay in filing a motion for extension of time, or the impact of Judge Ambrose's Order which

4

granted the extension.

The Court concludes that the indictment was not filed within the thirty (30)-day time period required by § 3161(b) of the Speedy Trial Act. Accordingly, pursuant to § 3162(a)(1), "such charge[s] against [Lopez] contained in such complaint **shall be dismissed** or otherwise dropped."

Dismissal With or Without Prejudice

The Court must now decide whether to dismiss the charges with or without prejudice. As outlined in the statute, the court must consider the 1) seriousness of the offense; 2) the facts and circumstances of the case that led to the dismissal; and 3) the impact of a re-prosecution on the administration of the Act and on the administration of justice. The Court must also consider the prejudice to the defendant. *United States v. Taylor*, 487 U.S. 326, 338-39 (1988). There is no presumption in favor of dismissal with or without prejudice; the decision is left to the court's discretion. *Id.* at 335 n. 8. However, the district court is required to articulate its reasoning. Although Defendant seeks dismissal with prejudice, neither party has addressed the applicable factors.

Lopez is charged with financial crimes involving an attempt to steal customer account information from an ATM machine. Although the complaint contained additional charges, the grand jury returned a 2-count indictment which charged Lopez and his co-defendant with conspiracy and "access device fraud." These are serious felony offenses, although they do not involve violence or constitute a threat to the safety of the community. The circumstances which led to dismissal have been hereinabove discussed. The government has not justified its delay in presenting the charges to a grand jury. As the government represented in its motion to extend the

30-day indictment period, a grand jury panel was convened on May 12-14, May 18-20, May 25-27 and June 8-11. Nor does the government excuse its delay on factors such as "case complexity," although it avers that presentment to a grand jury prior to May 27, 2010 would not have been realistic. Government Response at 10 n. 8. On the other hand, the government responded quickly to the unexpected lack of a quorum of the grand jury, there is no evidence of bad faith, and the total amount of delay was less than a week. In addition, the rules of law which govern the determination of when a defendant has been "arrested" for the purpose of starting the Speedy Trial Act are somewhat unsettled. Lopez has not been prejudiced by this minimal delay because apparently an Immigration and Customs Enforcement detainer on him has remained in place. The Court perceives no adverse impact from re-prosecution on the administration of justice. Dismissal without prejudice will provide an adequate sanction for the tardy action of the government in this case. For all these reasons, the Court concludes that the indictment should be dismissed without prejudice.

In accordance with the foregoing, the MOTION TO DISMISS (Document No. 29), the pro se, handwritten MOTION TO DISMISS (Document No. 30), and the AMENDED MOTION TO DISMISS (Document No. 31), filed by Defendant Felipe Juan Lopez are **GRANTED**. The charges against Defendant Felipe Juan Lopez in the Indictment at Criminal Action No. 10-122 are hereby **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED this 10th day of August, 2010.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Warner Mariani, Esquire
Email: marianilaw@mac.com

Gregory C. Melucci, Esquire
Email: gregory.melucci@usdoj.gov